NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

February 2, 2018

Joseph W. Denneler, Esq.
Salmon, Ricchezza, Singer & Turchi, LLP
Tower Commons
123 Egg Harbor Road, Suite 406
Sewell, NJ 08080
*Counsel for Plaintiffs*

William P. Hunnell
19682 Greenleaf Plaza
Yorba Linda, CA 92886
*Defendant Pro Se*

## LETTER ORDER FILED WITH THE CLERK OF THE COURT

**Re:    Del Greco v. Hunnell**
**Civil Action No. 17-9762 (SDW) (LDW)**

Litigants:

Before this Court is Defendant William P. Hunnell's Motion to Dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, denies Defendant's motion.

## DISCUSSION

   A.   Standard of Review

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

B. <u>Plaintiffs' Complaint Sufficiently States a Claim Upon Which Relief Can be Granted</u>

Plaintiff Michael Del Greco is a "licensed home inspector and owner and operator of Plaintiff, Accurate Inspections, Inc." (collectively, "Plaintiffs"). (Compl. ¶ 10.) On or about May 10, 2016, Plaintiffs conducted a home inspection of a home in Scotch Plains, New Jersey that was owned by Defendant. (*Id.* ¶¶ 12-13.) Afterwards, Defendant accused Plaintiffs of damaging items in the home and conducting an improper inspection. (*Id.* ¶¶ 14-16.) Plaintiffs allege that Defendant subsequently began posting, under his own name and pseudonyms, negative and factually false customer reviews of Plaintiffs' services on various websites. (*Id*. ¶¶ 21-47.) Plaintiffs also allege that Defendant filed a false statement and complaint with the New Jersey Home Inspector Advisory Committee and falsely claimed that Plaintiffs were under review by the State of New Jersey Division of Consumer Affairs. (*Id*. ¶¶ 27, 42.) Consequently, Plaintiffs filed suit in this Court alleging defamation and tortious interference with economic advantage and seeking injunctive relief. (*Id*. ¶¶48-60.)

Defendant moved to dismiss the Complaint on December 29, 2017. (Dkt. No. 5.) The bases for Defendant's motion appear to be that Plaintiffs misdated one of the allegedly defamatory consumer reviews, and that Defendant did not, in fact, post any improper customer reviews. (*Id.* ¶¶ 3, 4, 7.) This is insufficient to sustain a motion to dismiss. Plaintiff has pled facts adequate to sustain claims for defamation and tortious interference with economic advantage at this stage of the proceedings. *See, e.g.*, *Printing Mart-Morristown v. Sharp Elect. Corp.*, 116 N.J. 739, 766-67 (1989) (discussing the elements of defamation and tortious interference claims). Plaintiffs' suit may proceed and Defendant may defend himself by challenging the dates, content, and author of any of the allegedly defamatory postings, should he so choose.

Defendant's Motion to Dismiss is **DENIED**.

**CONCLUSION**

For the reasons set forth above,

**IT IS** on this 2nd day of February, 2018,

ORDERED that Defendant's Motion to Dismiss is **DENIED**.

**SO ORDERED**.

                                                  ___/s/ Susan D. Wigenton_____
                                                  **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
 Leda W. Wettre, U.S.M.J.