NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

October 23, 2018

Joseph W. Denneler, Esq.
Salmon, Ricchezza, Singer & Turchi, LLP
Tower Commons
123 Egg Harbor Road, Suite 406
Sewell, NJ 08080
*Counsel for Plaintiffs*

William P. Hunnell
3901 Rustic Mill Dr.
Apex, NC 27539
*Defendant Pro Se*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:   Del Greco v. Hunnell**
**Civil Action No. 17-9762 (SDW) (LDW)**

Litigants:

Before this Court is Defendant William P. Hunnell's Motion to Vacate Default Judgment entered against him on August 9, 2018. (Dkt. No. 20.) This Court, having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons discussed below, denies Defendant's motion.

## DISCUSSION

A.  Standard of Review

Rule 60 creates a mechanism to relieve parties from judgments that create an unjust result. *See, e.g.*, *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978). Rule 60(b) provides the bases upon which a court may "relieve a party . . . from a final judgment, order or proceeding," and include mistake, excusable neglect, newly discovered evidence, fraud, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). Motions made pursuant to Rule 60 "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1).

### B. Defendant Has Not Shown That Entry of Default Judgment Was Unjust

This Court assumes the parties' familiarity with the procedural history of this matter and, therefore, sets forth only the facts necessary and relevant to its decision. The instant motion arises out of a dispute between the parties regarding a home inspection Plaintiffs conducted at a home owned by Defendant. (Compl. ¶¶ 10-13.) Plaintiffs filed suit in this Court in October, 2017, alleging that Defendant defamed them and tortiously interfered with their business by posting false reviews of Plaintiffs' services on various websites and filing an unwarranted complaint with state authorities. (*Id*. ¶¶ 14-16, 21-47, 48-60.) Defendant moved to dismiss the Complaint, and this Court denied his motion on February 2, 2018. (Dkt. No. 5, 8, 9.)

On March 1, 2018, Plaintiffs filed a request for default with the Court, and the request was granted on March 14, 2018 for failure to plead or otherwise defend. (Dkt. No. 10.) On March 27, 2018, Defendant wrote to the Court asking for a status update and provided a return address of 19682 Greenleaf Plaza, Yorba Linda, CA 92886. (Dkt. No. 12.) On May 10, 2018, Plaintiffs moved for default judgment against Defendant. (Dkt. No. 14.)

In a letter dated May 9, 2018, but not mailed until May 23, 2018, Defendant again wrote to the Court. (Dkt. No. 15.) In that letter, Defendant provided the same Yorba Linda return address as in his March 27th letter, and referenced Plaintiff's request for default, the Court's entry of default, and Plaintiff's May 11, 2018 Motion for Default Judgment.[1] (*Id.*) Despite having notice of those proceedings, Defendant did not oppose them. On August 9, 2018, this Court entered default judgment in the amount of $4,260.41 against Defendant. (Dkt. No. 20.)

This Court finds there is nothing unjust or unreasonable about the entry of default judgment against Defendant and, therefore, no need for relief from its terms pursuant to Rule 60. Although Defendant suggests in his letter that the Court had an incorrect mailing address for him, (Dkt. No. 24 at 1), Defendant at all times bears the burden of providing the Court with updated contact information. If mail was undeliverable to him, the fault is his.[2] However, despite Defendant's protestations, it is clear Defendant received notice of all of the proceedings against him and had the opportunity to challenge the entry of default and the entry of default judgment. He did not. His failure to oppose the motions without more is insufficient to satisfy the requirements of Rule 60. Therefore, Defendant's Motion to Vacate is **DENIED**.

---

[1] This Court initially denied Plainitiffs' motion without prejudice on June 7, 2018. (Dkt. No. 16.) Plaintiffs refiled on July 3, 2018. (Dkt. No. 18.)

[2] Defendant claims to have "promptly changed" his address with the United States Postal Service in July 2018. (Dkt. No. 24 at 1.) Not only does this not appear to be the case, as mail sent to Defendant by the Court in July was returned as undeliverable, (Dkt. No. 21), but that does nothing to eliminate Defendant's obligation to update his contact information directly with this Court.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Vacate is **DENIED**. An appropriate order follows.

                                                                                                              /s/ Susan D. Wigenton
                                                        **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:      Parties
        Leda D. Wettre, U.S.M.J.